# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL S. CARROLL, | DOCKET NUMBER |
| Appellant, | DA-0752-16-0248-I-2 |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | DATE: December 28, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael S. Carroll, Plano, Texas, pro se.

Megan Borovicka, Esquire, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his performance-based removal under 5 U.S.C. chapter 75. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED, at footnote 5 below, with regard to the standard for proving reprisal for prior equal employment opportunity (EEO) activity based on disability discrimination, we AFFIRM the initial decision.

## BACKGROUND

On November 6, 2011, the agency appointed the appellant to the position of CG-09 Mid-Career Compliance Examiner in its Division of Depositor and Consumer Protection. *Carroll v. Federal Deposit Insurance Corporation*, MSPB Docket No. DA-0752-16-0248-I-1, Initial Appeal File (IAF), Tab 23 at 74. A Mid-Career Compliance Examiner is a developmental position designed to familiarize the incumbent with bank examinations through work experience. IAF, Tab 23 at 77-78. The goal is for the incumbent to acquire the knowledge and experience required for advancement to the position of CG-11 Compliance Examiner. *Id*. at 77. Promotion to the CG-11 Compliance Examiner position requires the incumbent to obtain a commission from the agency. *Id*. The agency's decision on whether to award a commission is based on the incumbent's job performance and the results of a "technical evaluation"—a test designed to measure a candidate's ability to perform the duties of a commissioned CG-11 Compliance Examiner. IAF, Tab 23 at 52-62. Before taking the technical

evaluation, a CG-09 Mid-Career Compliance Examiner is expected to meet certain training and developmental benchmarks. *Id.* at 54-75. Prior to his appointment, the appellant executed an agreement acknowledging that he must obtain a commission within 30 months of his entry on duty. *Id*. at 75. He further acknowledged that if he failed to do so, he would be given an additional 6-month period, including a performance improvement plan (PIP), in which to take the technical evaluation and perform the other tasks required for obtaining a commission. *Id*. If he still failed to obtain a commission after that, he would be separated from service.[2] *Id*.

One of the developmental benchmarks that a Mid-Career Compliance examiner must meet is to satisfactorily complete at least two jobs as an Acting Examiner in Charge. *Id.* at 72. The appellant in this case began working on this benchmark approximately 2 years into his appointment, but the agency determined that his overall performance in this area was not successful. IAF, Tab 22 at 111-29. Shortly thereafter, on April 23, 2014, the appellant had a midyear performance meeting with his first-line supervisor, who told him that his performance needed to improve. *Id*. at 63. He notified the appellant that if his performance did not improve, it could affect his annual performance rating, he might not be recommended for a commission, and he could be placed on a PIP. *Id*.

On June 9, 2014, the appellant's second-line supervisor placed him on a 90-day PIP. *Id*. at 44-49. Under the PIP, the appellant was supposed to complete several tasks, with the goal of improving his performance and meeting the remainder of his CG-09 Mid-Career Compliance Examiner benchmarks. *Id*. On October 9, 2014, the appellant's second-level supervisor issued a memorandum notifying the appellant that he failed to complete the PIP successfully. *Id*.

---

[2] Mid-Career Compliance Examiner could fairly be described as an "up-or-out" position. *See generally, e.g., Wright v. Department of Transportation*, 900 F.2d 1541, 1544-45 (Fed. Cir. 1990), *aff'd*, 53 F.3d 346 (Fed. Cir. 1995) (Table).

at 22-28. On November 11, 2014, the agency issued the appellant his annual performance evaluation, with a summary rating of "Unacceptable."[3] *Id*. at 4-6.

On December 12, 2014, the appellant's fourth-line supervisor proposed his removal for unsatisfactory performance under 5 U.S.C. chapter 75. IAF, Tab 18 at 4-13. The charge was supported by 45 specifications of alleged unsatisfactory performance during the PIP period. *Id*. at 5-12. After considering the appellant's response to the proposal, his fifth-line supervisor issued a decision sustaining 44 of the 45 specifications and removing him from service effective February 20, 2015. IAF, Tab 17 at 53-63, 110-12.

The appellant filed a formal complaint of discrimination, alleging that his removal was discriminatory based on race, color, sex, disability, and age, as well as retaliation for protected activity. IAF, Tab 16 at 60-61. On November 24, 2015, the agency issued a final decision finding no discrimination. IAF, Tab 8 at 23-42. The appellant then filed the instant Board appeal, contesting his removal and raising affirmative defenses of whistleblower reprisal, uniformed service discrimination, retaliation for union activity, retaliation for prior EEO activity, and discrimination based on race, color, sex, age, and disability. IAF, Tab 1, Tab 53 at 2.

During the course of the Board proceedings, a discovery dispute arose, and the agency filed a motion to compel as well as a motion for sanctions due to the appellant's failure to respond to its discovery requests or to appear for a scheduled deposition. IAF, Tabs 26-27. The administrative judge granted the motion to compel in part, ordering the appellant to produce certain documents and to appear for a deposition, but she denied the motion for sanctions. IAF, Tab 30. Shortly thereafter, the appellant failed to join a scheduled status conference call, and the administrative judge ordered him to show cause why sanctions should not be imposed. IAF, Tab 31. The appellant responded, alleging that he had not

---

[3] The appellant's first-line supervisor was the rating official, and his second-line supervisor was the reviewing official. IAF, Tab 22 at 4.

received the administrative judge's order scheduling the status conference. IAF, Tab 32. The agency then moved for sanctions again, in part because the appellant had failed to comply with the order compelling discovery. IAF, Tab 33. The administrative judge then issued another order, denying the request for sanctions, informing the appellant that all correspondence had been sent to his address of record, again directing him to respond to the agency's discovery requests, and warning him that continued failure to comply with her orders would result in sanctions. IAF, Tab 34. Two months later, the agency moved for sanctions a third time, alleging that the appellant had still failed to produce documents as directed, failed to cooperate in arranging a deposition, and failed to respond adequately to the administrative judge's order on affirmative defenses. IAF, Tabs 46, 48.

After a telephonic status conference, the administrative judge issued an order imposing sanctions on the appellant. IAF, Tab 53 at 4-5. She ordered that the appellant would be prohibited from introducing evidence concerning the information that the agency sought during discovery, or from otherwise relying upon testimony related to that information. *Id*. at 5. She advised the appellant that he could still rely on the documentation that was already part of the record, including the agency's report of investigation (ROI) on the appellant's discrimination complaint, testify at the hearing on matters not covered by the sanction, and submit any new and material evidence postdating the sanctions order. *Id*. at 5 n.6. As a result of her sanctions order, the administrative judge excluded 37 of the appellant's proffered witnesses, as well as his 550 pages of exhibits. *Carroll v. Federal Deposit Insurance Corporation*, MSPB Docket No. DA-0752-16-0248-I-2, Appeal File (I-2 AF), Tab 13 at 2-4; Hearing Transcript (HT),Volume 1 at 5.

After a hearing, the administrative judge issued an initial decision sustaining the appellant's removal.[4]  I-2 AF, Tab 19, Initial Decision (ID).  She found that the agency proved all 44 specifications of unacceptable performance underlying the removal, ID at 8-34, that the appellant failed to prove his affirmative defenses, ID at 35-56, and that the removal penalty was reasonable, ID at 56-59.

The appellant has filed a petition for review, disputing the administrative judge's conduct of the proceedings and contesting her findings on his affirmative defenses.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

## ANALYSIS

<u>The administrative judge did not abuse her discretion or show bias in conducting the proceedings in this appeal.</u>

On petition for review, the appellant argues that the administrative judge failed to accommodate his disabilities so that he could adequately represent himself without exacerbating his medical conditions.  PFR File, Tab 1 at 1-2.  We disagree.  An administrative judge has broad authority to control the proceedings before her, and her procedural rulings are subject to an abuse of discretion standard.  *O'Connor v. Small Business Administration*, 60 M.S.P.R. 130, 132 (1993); 5 C.F.R. §§ 1201.41(b), 1201.115(c).  In order to accommodate the appellant's disability related to his chronic degenerative osteoarthritis, the administrative judge in this case limited the hearing to 4 hours per day, with breaks as needed by the appellant.  IAF, Tab 9 at 70, Tab 53 at 6 n.8; HT, Volume 1 at 12-15.  The appellant has not explained what other accommodations he may have required or how failure to provide further accommodations might have affected his ability to participate in these proceedings.  We therefore find that the

---

[4] Although the appellant had been approved as a witness, both for himself and for the agency, he declined to testify on his own behalf, and he refused to answer any of agency counsel's questions, despite the administrative judge's warning that his refusal would lead to an adverse inference.  HT, Vol. 3 at 496-501.

appellant has not shown that the administrative judge abused her discretion in this regard, much less that any abuse of discretion affected the outcome of the appeal.

The appellant also disputes the administrative judge's ruling on sanctions. He argues that he was justified in refusing to be deposed at a local agency facility because the agency had previously denied him access to that facility and his posttraumatic stress disorder (PTSD) would not allow for him to enter the facility because he considered the location to be highly stressful, particularly with armed security present. PFR File, Tab 1 at 9-11. He states that it would have been more appropriate to conduct the deposition in a "neutral" location. *Id.* at 9-10.

We are not persuaded by the appellant's argument. We find nothing unreasonable about the agency deposing the appellant at its own field office close to the appellant's home. As the administrative judge accurately explained, there is nothing unusual about this, or about the agency providing an escort. IAF, Tab 49. Nor has the appellant shown that it is unusual at this facility for the escort to be armed. Furthermore, nowhere in the record has the appellant identified the alternative deposition sites that he allegedly found. Nor are we persuaded that the appellant's PTSD prevented him from appearing at the agency's field office. Not only is the appellant's assertion in this regard unsworn and unsupported by any medical documentation, but it also resembles a post hoc justification for his failure to cooperate in the deposition process insofar as he first raised it more than 6 months after he began avoiding deposition. IAF, Tab 27 at 7, Tab 47; *see Abatecola v. Veterans Administration*, 29 M.S.P.R. 601, 607 n.3 (finding that a delay in raising an allegation undermined the credibility of that allegation), *aff'd*, 802 F.2d 471 (Fed. Cir. 1986) (Table). Finally, we note that the appellant's failure to attend a deposition was not the only reason for the sanctions. The other reason was the appellant's failure to comply with the administrative judge's order on production of documents, which the petition for review does not address. IAF, Tab 53 at 4-5. For these reasons, we find that the appellant has not shown that the administrative judge abused her discretion in

imposing sanctions consistent with Board precedent for his failure to cooperate in discovery. *See Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 12 (2011), *aff'd per curiam*, 498 F. App'x 1 (Fed. Cir. 2012)

The appellant also argues that he was denied discovery. IAF, Tab 1 at 10-11. However, the appellant failed to file a timely motion to compel below and is thus precluded from raising this issue on petition for review. *Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

At the prehearing conference, the administrative judge excluded several of the appellant's proffered witnesses on the basis that their expected testimony was either precluded by the sanctions order or was irrelevant, immaterial, or repetitious. IAF, Tab 53 at 5 & n.6; I-2 AF, Tab 13 at 3-4. On review, the appellant argues that the administrative judge erred in excluding these witnesses and by limiting his examination of the approved witnesses at the hearing. PFR File, Tab 1 at 3-8, 14-16, 21-22. He explains the relevance of several excluded witnesses, as well as testimony that the administrative judge excluded at the hearing. *Id*. However, the expected testimony, as the appellant describes it, appears to have been calculated to relate to his discrimination and reprisal claims, and was thus properly excluded under the sanctions order. PFR File, Tab 1 at 4-8, 14-16; IAF, Tab 23 at 13-15, Tab 30, Tab 53 at 5 & n.6.

The appellant also disputes the administrative judge's statement in the initial decision that he refused to testify at the hearing. PFR File, Tab 1 at 12-13. We have reviewed the relevant portions of the hearing transcript, and we find that the administrative judge's description of events was accurate. ID at 3; HT, Volume 3 at 496-501. The appellant did, in fact, decline to testify on his own behalf, and he refused to provide responsive answers to agency counsel.

The appellant further argues that the administrative judge was biased against him. PFR File, Tab 1 at 12-14, 16-18, 22. Among other things, he argues that her reliance on the agency's ROI was "shocking and unorthodox behavior."

*Id*. at 12-13. He states that the administrative judge "threw a tantrum" when he refused to testify and that her procedural rulings made it unnecessarily difficult for him to prosecute his case. *Id*. at 13-14. He argues that the outcome of his appeal was predetermined as evidenced by the administrative judge's case-related rulings, and her advice before the hearing that he would need to retain certain documents to appeal her decision. *Id*. at 17-18. He asserts that the administrative judge was influenced by the agency's ex parte communications. *Id*. at 17. The appellant also argues that the administrative judge assigned to mediate his case was biased. *Id*. at 16-17.

Regarding the mediation administrative judge, even if she were biased as the appellant alleges, this fact would only go the outcome of the mediation, and not to the outcome of the initial decision. We therefore find that the appellant's arguments concerning the mediation process provide no basis to grant the petition for review. *See* 5 C.F.R. § 1201.115. Regarding the administrative judge assigned to adjudicate this appeal, an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). A party claiming bias or prejudgment by an administrative judge must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Higgins v. U.S. Postal Service*, 43 M.S.P.R. 66, 68 (1989). To the extent that the appellant is relying on the administrative judge's case-related rulings to establish bias, we find that these are insufficient to overcome this presumption. *See Martinez v. Department of the Interior*, 88 M.S.P.R. 169, ¶ 14 (2001). As for the alleged ex parte communications that the appellant claims influenced the administrative judge, he does not explain why he believes any such communications occurred, what the nature of them might have been, or whether they may have been prohibited under 5 C.F.R.

§ 1201.101(a). Nor do we find that the administrative judge's proscriptive advice about appealing her decision indicates in any way that she prejudged this case. HT, Volume 1 at 6. Rather, it would appear that she was attempting to protect this pro se appellant's substantive rights. *Id*. Finally, our review of the hearing transcript and the accompanying recording does not support the appellant's claim that the administrative judge lost her temper when he refused to testify. Hearing Audio Recording, Mar. 21, 2018 at 3:16:30-3:22:00; HT, Volume 3 at 495-501. To the contrary, we find that the administrative judge conducted herself calmly and judiciously during the hearing, as she did at each stage of the appeal below. She afforded the appellant every opportunity to participate in his appeal, from giving him multiple chances to comply with her orders, to giving him ample warning of the possibility of sanctions, to ensuring that he understood the consequences of refusing to testify. The case-related rulings that the appellant complains about on review are a result of his own deliberate choices and are in no way indicative of bias by the administrative judge.

The appellant has not established that the outcome of the initial decision was based on adjudicatory error.

On petition for review, the appellant alleges that the agency's investigation into his discrimination complaint was biased and that the administrative judge erred in relying on the ROI in reaching her decision. PFR File, Tab 1 at 11-12. However, even if the investigation were biased as the appellant alleges, he has not explained with specificity what information in the ROI is incomplete or incorrect, or how this might have affected the initial decision. *See Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008) (stating that a petition for review must state objections to the initial decision that are supported by references to applicable laws or regulations and by specific references to the record); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (stating that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record). We

have reviewed the initial decision, and we find that the administrative judge limited her reliance on the ROI to evidence contained in four affidavits, including the appellant's. ID at 39-40, 44. We find no error in the administrative judge's consideration of these documents.

The appellant also argues the merits of his discrimination claims. He argues that he is disabled, that the agency improperly denied his request for a hardship transfer, that the agency mishandled his workers' compensation (OWCP) claim, and that the agency subjected him to a hostile work environment, necessitating leave under the Family and Medical Leave Act of 1993 (FMLA). PFR File, Tab 1 at 2-3. The fact that the appellant is disabled appears to be undisputed, and his cursory statements about the hardship transfer are not a sufficient basis to overturn the administrative judge's thorough and well-reasoned analysis of his disability discrimination claim, including his hardship transfer requests. ID at 41-49. Regarding the appellant's FMLA leave and his OWCP claim, it is not clear how these allegations figure into his theory of the case, and we find no error in the initial decision regarding these matters either.

Finally, the appellant argues that his first-level supervisor retaliated against him for his grievance activity and that the agency prevented him from taking the technical examination while allowing other similarly situated individuals to do so. PFR File, Tab 1 at 18-21. However, as the appellant himself admits, he failed to present any evidence to support his arguments. *Id*. at 21. The appellant attributes this failure to the administrative judge's sanctions order, *id*., but he has still not made any proffer of evidence on review that would support his discrimination claims. Therefore, even if the administrative judge had abused her discretion in imposing sanctions, which she did not, there would still be no basis to grant the petition for review because the appellant has not shown that any of the excluded evidence would have affected the outcome of the case. *See Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011); 5 C.F.R. § 1201.115(c).

The appellant does not directly contest the administrative judge's findings that the agency proved its charge of unsatisfactory performance or that the removal penalty was reasonable and promoted the efficiency of the service. ID at 4-34, 56-59. We find no basis to disturb these findings. Nor does the appellant appear to contest the administrative judge's findings on his affirmative defenses of whistleblower reprisal or uniformed service discrimination. ID at 52-56. We find no basis to disturb these findings either. Finally, with respect to the administrative judge's findings on the appellant's affirmative defenses of retaliation for union activity and discrimination and retaliation under 5 U.S.C. § 2302(b)(1), although the appellant has registered his disagreement with some of these findings, for the reasons explained above, he has not provided a sufficient basis for us to disturb them.[5]

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[5] After the initial decision in this appeal was issued, the Board issued a precedential decision finding that a but-for causation standard applies for proving retaliation under the Rehabilitation Act. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 44-47. In adjudicating the appellant's EEO reprisal claim, which appears to have been based on a prior complaint of disability discrimination, the administrative judge in this appeal applied the less stringent "motivating factor" standard, consistent with Board precedent at the time. ID at 35-41; IAF, Tab 9 at 7. However, the appellant's failure to prove this lower causation standard means per force that he failed to prove the higher causation standard as well. We therefore modify the initial decision to find that the appellant did not prove that his prior EEO activity was a but-for cause of his removal. *See Pridgen*, 2022 MSPB 31, ¶ 48.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

_____

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

FOR THE BOARD:                    _____

                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.